STAPLETON, Circuit Judge,
dissenting:
This is one of those proverbial “hard” cases that makes “bad” law. The Taxpayers have apparently been grievously wronged by corrupt government officials. If that be the case, the Taxpayers should be entitled to recover compensation from the wrongdoers for all the losses that they have suffered, including, perhaps, tax penalties that would not have been incurred but for the wrongdoers’ actions. But the Taxpayers’ entitlement to compensation is not the issue before us. Rather, we must decide whether the Taxpayers’ failure to pay trust fund taxes from 1982 through 1988 was due to “reasonable cause” and not to “willful neglect” within the meaning of IRC §§ 6651 and 6656.
I agree with the Court that financial difficulties can and must be considered in determining whether a taxpayer is entitled to a refund of penalties under IRC §§ 6651 and 6656. I do not agree, however, that consideration of the financial difficulties experienced by the Taxpayers in this case demonstrates that they are entitled under Treasury Regulation § 301.6651-l(c)(l) to the relief that they seek.
Section 301.6651 — 1(c)(1) of the Regulations provides examples of situations in which “reasonable cause” for nonpayment exists and situations in which it does not exist. As the Court notes, the regulation provides, in part, that “a failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship ... if he paid on the date due.” Treas. Reg. § 301.6651 — 1(c)(1). This provision and the remainder of the section make it clear that: (1) “reasonable cause” will exist where the taxpayer has made a good faith effort to set aside the resources necessary for the satisfaction of its tax liability but cannot pay when the due date arrives because of unanticipated events beyond its control; and (2) “reasonable cause” will not exist where a taxpayer fails to husband its resources so that the requisite funds will be available for payment when the tax is due, e.g., when “a taxpayer ... incurs lavish or extravagant living expenses in an amount such that the remainder of his assets and anticipated income will be insufficient to pay his tax.” Id.
Contrary to the Court’s suggestion, § 301.6651 — 1(c)(1) does not create a general “ordinary business care and prudence” standard for judging how a taxpayer has conducted its business. It speaks solely to situations in which the taxpayer has (or has not) “exercised ordinary business care and prudence in providing for payment of his tax liability,” only to have his efforts thereafter frustrated by unanticipated events beyond his control. Id. (emphasis added). Accordingly, § 301.6651 — 1(c)(1) provides no relief for a taxpayer who makes a deliberate decision to continue in business with no reasonable expectation that it will have the resources to satisfy its tax liability when due.
*514 The record in this case strongly suggests that the Taxpayers made a deliberate decision (or series of deliberate decisions) to continue in business for most, if not all, of the period from 1982 to 1988 without making any provision for the payment of trust fund taxes and without any reasonable expectation that funds would be available to pay them when they were due. I would remand this case to the District Court for further proceedings and factfind-ing. While I think it unlikely that the Taxpayers will be able to establish that their failures to pay were due to “reasonable cause” and not “willful neglect,” it is not inconceivable to me that they will be able to make such a showing for at least some portion of the period in question.[1]

. The most likely candidate would seem to me to be the period from early 1985 through a portion of 1986 during which the FBI was directing Mr. D’Antonio's undercover activities. Since continuing in business would appear to be a necessary predicate for such activities, it may be that there was "reasonable cause” for the failure to pay and no "willful neglect” during this period. In this regard, I note that § 301.6651 of the Regulations does not purport to be an exclusive list of situations in which a failure to pay is due to "reasonable cause” and not "willful neglect” under IRC §§ 6651 and 6656.